## NATIONAL REFINING CO v CLANCY

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9331. Decided March 4, 1929

Tolles, Hogsett & Ginn, Cleveland for Refining Co.

Ralph Stickle, Cleveland, for Clancy.

VICKERY, PJ.

The error upon which a right to have this case reversed is predicated, is that the court erred in not directing a verdict after all the plaintiff's testimony was in, and again erred in not directing a verdict after all the testimony was in, for the reason that there was no evidence to show negligence or carelessness on the part of the defendant company, that nothing but an inference could be drawn, or, as is argued, an inference from an inference, and under the ruling of the Supreme Court, unless there is more than that, the plaintiff is not entitled to recover.

It is perfectly manifest in this case that the plug was put in, but, according to the testimony of the experts, if it had been properly put in and a wrench had been properly used, it could under no circumstances have come out, so that, then, the inference from this fact, —not an inference from an inference, —would be that the plug was not properly screwed in; that is, no wrench had been properly used on it.

Now, of course, after some refreshing of his recollection, the attendant who worked on this car, who apparently had no knowledge of it at the time, testified that he remembered that he not only put the plug in but that he used a wrench and turned it in tight. This is the question of fact; did he, or did he not? If he did not turn this in with the wrench and that was the cause of the plug coming out, that is, that he left the plug loose so that the vibration of the car on rough roads would shake it out

and cause the draining of the crank-case, it would be an act of negligence, and he was acting within the scope of his employment for his company and it would be their act for which there would be responsibility.

Now the two theories of this case were submitted to the jury and the jury having all the evidence before it apparently did not believe this attendant when he said he used a wrench, for they had the evidence of at least two Buick experts that if the wrench had been used this could not have come out. The jury apparently did not believe the attendant when he said he used the wrench.

It seems to us that here was a jury question. It was fairly submitted to the jury under proper instructions and the jury having found for the plaintiff below, we do not see how we can disturb the finding. We think that counsel for the plaintiff in error is wrong when he says this is only a case of an inference upon an inference. We think it is an inference from the facts in this case. One thing is sure: Clancy drove his car on that rack and the defendant company undertook to refill his crank-case; they did refill it and for some reason the plug was put in so badly that, during the course of a sixty mile drive it shook out of its place and the damage occurred as a result thereof. We think the jury was fairly warranted in coming to the conclusion that this plug was not properly replaced and that was the cause of the injury.

There being nothing more than the weight of the evidence as we view it, involved, the judgment of the court below will be affirmed.

Sullivan and Levine, JJ, concur.